## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT NEWTON,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0752-15-0300-B-1

DATE: May 16, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Debra D'Agostino</u>, Esquire, Washington, D.C., for the appellant.

<u>Eva M. Clements</u> and <u>Joseph Moore</u>, Washington, D.C., for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2     The appellant was formerly employed by the agency as an Auditor until he resigned on August 6, 2012.[2] *Newton v. Department of the Navy*, MSPB Docket No. DC-0752-15-0300-I-1, Initial Appeal File (IAF), Tab 1 at 6.  On October 1, 2012, he filed a formal equal employment opportunity (EEO) complaint of discrimination alleging that the agency had subjected him to a hostile work environment that led to his involuntary resignation by, among other things, implanting radio frequency identification devices (RFIDs) on his body without his consent to track, follow, and harass him.  IAF, Tab 4 at 33, 38.  On September 25, 2014, the agency issued a final agency decision (FAD) finding no merit to the appellant's discrimination claims.  *Id.* at 33-47.  On December 30, 2014, the appellant filed a Board appeal alleging that his resignation was involuntary.  IAF, Tab 1.  The appellant appeared to indicate that he was also alleging whistleblower reprisal, violation of veterans' preference rights under the Veterans Employment Opportunity Act of 1998 (VEOA), and a denial of a within-grade increase (WIGI).  *Id.* at 3-4, 12-35.

¶3     The administrative judge found that the appellant's claims concerning the agency's alleged nonconsensual implanting of the RFIDs previously had been raised in a prior appeal and issued an initial decision dismissing the appeal as barred by collateral estoppel.  IAF, Tab 13, Initial Decision.  The appellant filed a petition for review, which the Board granted.  *Newton v. Department of the Navy*, MSPB Docket No. DC-0752-15-0300-I-1, Remand Order (Nov. 10, 2015).  The Board remanded the appeal to provide the appellant with proper notice of his burdens of proof regarding his whistleblower reprisal, VEOA, and WIGI denial claims.  *Id.*, ¶¶ 8-11, 14-15.  The Board noted that the appellant's alleged involuntary resignation and WIGI denial claims did not appear to be barred by

---

[2] The appellant's Standard Form 50 indicates that he resigned; however, in his pleadings, he refers to both his involuntary resignation and involuntary retirement. *Newton v. Department of the Navy*, MSPB Docket No. DC-0752-15-0300-B-1, Remand File, Tab 8 at 4.

collateral estoppel. *Id.*, ¶ 17. The Board instructed the administrative judge to, among other things, revisit the issue of preclusion and address whether the appellant's involuntary resignation appeal of the FAD was timely filed. *Id.*, ¶¶ 17, 20.

¶4      On remand, the administrative judge issued an initial decision, dismissing the appellant's alleged involuntary resignation appeal for lack of jurisdiction.[3] *Newton v. Department of the Navy*, MSPB Docket No. DC-0752-15-0300-B-1, Remand File (RF), Tab 53, Remand Initial Decision (RID).[4] The administrative judge found that the agency had dismissed the appellant's EEO complaint, including his involuntary resignation claim, as untimely filed and that the Board lacks jurisdiction to review an agency's dismissal of an EEO complaint as untimely. RID at 2-3.

¶5      On review, the appellant contends that the administrative judge improperly found that the agency dismissed his involuntary resignation claim as untimely. MSPB Docket No. DC-0752-15-0300-B-1, Remand Petition for Review File, Tab 4. We agree. Although the FAD indicates that the agency dismissed certain claims as untimely, such claims did not include the appellant's involuntary resignation claim. IAF, Tab 4 at 33. Rather, the agency investigated this claim and issued a FAD finding that the appellant failed to establish that he was forced to resign due to intolerable working conditions.[5] *Id.* at 45.

---

[3] It is somewhat unclear whether the appeal was dismissed as untimely or for lack of jurisdiction. RID at 1, 3.

[4] The administrative judge separately docketed the appellant's whistleblower reprisal, VEOA, and WIGI denial appeals. *Newton v. Department of the Navy*, MSPB Docket Nos. DC-1221-16-0700-W-1, DC-0330-16-0702-I-1, and DC-531D-16-0701-I-1.

[5] The agency initially dismissed the appellant's involuntary resignation claim for failure to state a claim; however, the U.S. Equal Employment Opportunity Commission (EEOC) reversed the agency's decision and remanded the claim to the agency for investigation. IAF, Tab 4 at 17-21. The EEOC subsequently denied the agency's request for reconsideration of this decision. *Id.* at 23-26.

¶6      Because the administrative judge found that the agency dismissed the appellant's involuntary resignation claim as untimely, he did not reach the issue of whether the appellant's Board appeal of the FAD was timely filed. RID at 3 n.2. An employee who files a timely formal complaint of discrimination with his employing agency regarding a matter that is within the Board's jurisdiction may also file an appeal with the Board. For such an appeal to be considered timely, it must be filed within 30 days after the employee receives the FAD. 5 C.F.R. § 1201.154(b)(1). The record reflects that the FAD, which contained notice of the appellant's Board appeal rights, was delivered to the appellant's post office box on September 29, 2014. IAF, Tab 4 at 33-47, Tab 11 at 10-11. Although the appellant contends that he was traveling and someone else may have signed for the FAD, IAF, Tab 47 at 4, we find that he constructively received the FAD on September 29, 2014, the date it was delivered to his post office box, *see Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶ 9 (2017); 5 C.F.R. § 1201.22(b)(3). Thus, we find that his December 30, 2014 appeal was over 2 months untimely.

¶7      If an appellant fails to timely file his appeal, it will be dismissed as untimely filed absent a showing of good cause for the filing delay. 5 C.F.R. § 1201.22(c). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). An appellant bears the burden of proof, by a preponderance of evidence, regarding the timeliness of his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Marcantel*, 121 M.S.P.R. 330, ¶ 10. To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which he

suffered from the illness, (2) submit medical evidence showing that he suffered from the illness during that time period, and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

¶8    The administrative judge issued a timeliness order informing the appellant of his burden of establishing good cause. RF, Tab 46. In response, the appellant submitted a declaration in which he asserted that good cause existed for his untimely filing because from September 30 to October 6, 2014, he was traveling to California for toxicological support and surgery consultation due to his symptoms related to the RFID implants, which he contends included burns to his head, neck, and body, unnatural scarring, ear pain and discharge, stiffness, body aches, high fever, coughing, sore throat, runny and stuffy nose, headaches, chills, muscle pains, feeling extremely tired, and weakness that was becoming debilitating. RF, Tab 47 at 16. He further asserted that, while returning from traveling on October 6, 2014, he caught the flu, which exasperated his underlying symptoms and incapacitated him through December 29, 2014, and prevented him from timely filing his Board appeal. *Id.*

¶9    The appellant submitted a declaration from his physician, confirming that he treated the appellant for the flu during the relevant time, diagnosed him with failure to thrive, dehydration, influenza, and bronchitis, wrote him a script for an at home caregiver, and instructed him "to rest and not to do anything as the results could be fatal if [the appellant] was to be active." *Id.* at 30. The record also includes an October 23, 2013 letter from this same physician verifying that the appellant "has RFID implants in the pharynx and larynx area" and stating that testing by another doctor revealed a "foreign body" in the appellant's neck and that the appellant had been referred to a surgeon at Georgetown University

Hospital in Washington, D.C. to have the implants removed.[6]  RF, Tab 7 at 50. The appellant also submitted a declaration from an industrial toxicologist who confirmed that from October 6 to December 29, 2014, she provided toxicological support to the appellant's physician and surgery consultation to the appellant due to his concerns about the symptoms he was suffering due to possible implantation of "biosensors" by the agency.  RF, Tab 47 at 18-19.  Along with her declaration, she submitted a letter explaining the basis for her belief that the biosensors were implanted in the appellant's body by the agency at various times from February 1, 2010, to August 6, 2012.  *Id.* at 21-23.

¶10     We find that the appellant's submissions establish a factual dispute as to whether he established good cause for his untimely filing due to his medical condition.  However, we cannot determine from the medical evidence submitted whether the appellant's medical condition impaired his ability to timely file his appeal.  Although the appellant's physician and industrial toxicologist declare that they instructed the appellant to rest and not do anything while he had the flu, they also indicate that this was because the results could be fatal if he were to be active.  RF, Tab 47 at 18, 30.  They do not, however, offer an opinion regarding the effect of the appellant's medical condition on his ability to timely file his Board appeal.  The appellant also requested a hearing.  IAF, Tab 1 at 2. Accordingly, we remand this appeal to the regional office to afford the appellant an opportunity to furnish additional evidence and a hearing, if one is required, on the timeliness issue.  *See, e.g.*, *Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶ 11 (2013) (stating that, if an appellant can establish a factual dispute as to whether there is good cause for her untimely filing and she requested a hearing, she is entitled to a timeliness hearing); *see also Sims v.*

---

[6] This letter is addressed to both the Board and the EEOC and requests an extension of the deadline due to the appellant's health condition.  It is unclear what deadline this letter is referring to because the letter is dated almost 1 year prior to the appellant's receipt of the agency's FAD on September 29, 2014.

*Smithsonian Institution*, [101 M.S.P.R. 311](#), ¶ 10 (2006) (finding that the appellant's claim that he was undergoing treatment for hepatitis C that caused flu-like symptoms, which was supported by medical opinion, was sufficient to establish a factual dispute as to whether he had good cause for his filing delay, and remanding for a timeliness hearing).  If the administrative judge finds that the appellant has established good cause for his untimely filing, he shall determine whether the appellant has raised nonfrivolous allegations that his resignation was involuntary due to intolerable working conditions and, if so, hold the appellant's requested hearing on that issue.

## ORDER

¶11     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.